STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. ISAIAH WASHINGTON, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued June 17, 1975—Decided June 25, 1975.

Before Judges HALPERN, CRAHAY and ACKERMAN.

*Mr. Seymour Margulies,* designated counsel, argued the cause for appellant (*Mr. Stanley C. Van Ness,* Public Defender of New Jersey, attorney; *Mr. Margulies,* of counsel and on the brief).

*Mrs. Sara A. Friedman,* Assistant Prosecutor, argued the cause for respondent (*Mr. Joseph P. Lordi,* Essex County Prosecutor, attorney; *Mrs. Sara A. Friedman,* of counsel).

The opinion of the court was delivered by

HALPERN, P. J. A. D. Defendant appeals from a judgment of conviction for second degree murder. The jury's verdict was based upon the circumstantial proofs submitted by the State and the inculpatory statement by defendant in which he intimated he killed the victim in self-defense. In his earlier oral statement he had lied to the police regarding the incident.

The trial judge, after a *voir dire* hearing, determined the written statement to have been given voluntarily and allowed it into evidence. In so doing, he held that the State had proved the voluntariness of the statement by a "preponderance" of the proof and rejected defendant's contention that the standard of proof required the State to prove voluntariness "beyond a reasonable doubt." The trial judge stated it thusly:

I decided it [voluntariness of the statement] by a preponderance of the evidence; that is the standard which I followed. I cannot say that I also felt convinced beyond a reasonable doubt. I would like to make [that] clear. If I had to decide it beyond a reasonable doubt, to make a decision beyond a reasonable doubt I would have to decide against the State.

The trial judge's reliance for his ruling upon *State v. Hampton,* 61 *N. J.* 250 (1972), was misplaced.

New Jersey is committed to the "beyond a reasonable doubt" standard in determining the voluntariness of a confession. Our Supreme Court so held in *State v. Yough,* 49 *N. J.* 587 (1967). It is true that the "preponderance" of the evidence test was approved in *Lego v. Twomey,* 404 *U. S.* 477, 92 S. Ct. 619, 30 L. Ed. 2d 618 (1972), as a matter of federal constitutional law. However, Justice White distinctly pointed out (at 489, 92 S. Ct. at 627.) that "* * * Of course, the States are free, pursuant to their own law, to adopt a

higher standard. They may indeed differ as to the appropriate resolution of the values they find at stake."

*Lego* was decided January 12, 1972. On July 17, 1972 New Jersey decided to stay with the "beyond a reasonable doubt" standard in *State v. Kelly*, 61 *N. J.* 283 (1972). *Kelly* has since been followed in *State v. Foye*, 125 *N. J. Super.* 184 (App. Div. 1973), aff'd o.b. 63 *N. J.* 534 (1973); *State v. Godfrey*, 131 *N. J. Super.* 168 (App. Div. 1974), aff'd o.b. 67 *N. J.* 267 (1975). If any change in the standard of proof to be used is to be made, our Supreme Court will have to make it. *Franco v. Davis*, 51 *N. J.* 237, 238 (1968).

The State urges us to make an independent finding from the record that defendant's written statement was voluntarily given beyond a reasonable doubt. We have canvassed the record with this view in mind but are unable to say that the State has carried the required burden of proof. If our views needed support, we need only turn to the experienced trial judge who, after seeing and hearing the witnesses, frankly said if the standard of proof on voluntariness was to be "beyond a reasonable doubt," he would have to decide the issue against the State. *State v. Johnson*, 42 *N. J.* 146 (1964).

We have also considered whether the harmless error doctrine enunciated in *Chapman v. California*, 386 *U. S.* 18, 87 S. Ct. 824, 17 L. Ed. 2d 705 (1967), *Harrington v. California*, 395 *U. S.* 250, 89 S. Ct. 1726, 23 L. Ed. 2d 284, (1969), and *State v. Bankston*, 63 *N. J.* 263 (1973), would permit us to affirm the conviction even though the trial judge erred with respect to the standard of proof on voluntariness, and have decided the doctrine should not be applied. As previously indicated, the State's proofs were primarily circumstantial and there is a reasonable possibility that the erroneous admission into evidence of defendant's inculpatory statement may have contributed to the conviction. *Fahy v. Connecticut*, 375 *U. S.* 85, 86–87, 84 S. Ct. 229, 11 L. Ed. 2d 171 (1963).

Reversed and remanded for a new trial.